JAMES A. KELLETT et al., complainants-respondents,

*v.*

LOCAL No. 274, UNITED ASSOCIATION OF JOURNEYMEN PLUMBERS AND STEAMFITTERS OF THE UNITED STATES AND CANADA, et al., defendants-appellants.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Mr. Saul Nemser,* for the appellants.

*Mr. Charles E. Hendrickson,* for the respondents.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from an interlocutory order of the court of chancery appointing a receiver-trustee of Local No. 274, United Association of Journeymen Plumbers and Steamfitters of the United States and Canada, an unincorporated association affiliated with an unincorporated "United Association."

The bill of complaint filed by three members of the association, invoked the general equity jurisdiction of the court. Amongst other things, it alleged that there were trust funds for which there was no trustee; that the officers invested the moneys of the organization improvidently and without authority; that the securities so purchased were worthless; that suspended members were expelled without just cause; and that the affairs of the local union were mismanaged by its officers and agents.

Upon presentation of the bill, an order was made, dated February 20th, 1933, directing the defendants to show cause why the relief prayed for should not be granted. In this order it was recited that from the allegations of the bill, and the representations made to the court by the solicitor of the complainants, it appeared that "immediate and irreparable injury will result to said complainants before notice can be served upon said defendants and a hearing had upon the within order to show cause, unless a custodial receiver-trustee be forthwith appointed to take immediate possession of and conserve the moneys and property of said Local 274, United Association of Journeymen Plumbers and Steamfitters of the United States and Canada, pending the return of said order to show cause on February 25th, 1933."

Appellants contend that the *interim* appointment of the custodial receiver-trustee was improvidently made, and write down several reasons in support thereof.

In their notice of appeal, however, appellants do not appeal from the order of February 20th, or any part thereof, but appeal only from the order of February 25th.

The appellants urge that the order to show cause should have been discharged, the *interim* restraint dissolved, and the appointment of the custodial receiver-trustee vacated.

An examination of the bill and affidavits discovers that this course should have been adopted. In *Citizens' Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299,* which summarizes the rule upon this subject and has been the accepted law for many years, it is said that there are three settled rules on this subject. These are, first, "that a preliminary injunction will never be ordered unless from the pressure of an urgent necessity;" that is to say, there must be a situation existing which, if not stayed, will result in an irreparable injury; second, no preliminary injunction will issue where the right of complainant rests upon an unsettled question of law; and, third, no preliminary injunction will issue where the material facts in the bill, on which the complainant's equity depends, are met by a full, explicit and circumstantial denial under oath. *Rissler* v. *Plumbers Local No. 326, 109 N. J. Eq. 91.*

If it be assumed, although we do not so decide, that the material allegations of the bill were properly and fully verified, they did not justify the granting of the relief accorded, at the initial stage of the cause. There was nothing to indicate that any threatened act of the defendants would alter the existing situation, and that, unless prevented by restraint of court, the situation of complainants and others interested in the association would in any respect be worse than it was at that time, or that any irreparable injury was impending. In other words, every act complained of had been completed. It was with respect to past acts that complaint was entered and no showing was made that justified the conclusion that some threatened act would change the complainants' position for the worse with respect to the funds and other property of the association.

Further, every material allegation of the bill was controverted by defendants' answering affidavits.

Concluding that there was no showing of threatened irreparable injury, and that the equity of the bill was controverted by the proofs of the defendants, it follows that the preliminary relief granted by the order of February 25th, 1933, should not have been given, but that the bill should have been held for a final hearing on the merits.

The order under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.